IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JACK PETER MONGEON, | Case No. 3:13-cv-2013-ST |
| Plaintiff, | **OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATION** |
| v. | |
| CITY OF PORTLAND, et al., | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Janice Stewart issued Findings and Recommendation in this case on July 2, 2015. Dkt. 103. Judge Stewart recommends that the Motions to Dismiss of City of Beaverton *et al*, City of Portland, City of Vancouver, Clackamas County, Multnomah County, and Washington County (Dkts. 33, 37, 43, 44, 58, & 60) should be GRANTED without prejudice; State of Oregon DAS's Motion to Dismiss (Dkt. 59) should be GRANTED with prejudice; City of Salem's Motion for Summary Judgment (Dkt. 69) should be GRANTED; and the request by Clackamas County for an award of attorney fees should be DENIED. This Court agrees.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

## DISCUSSION

Plaintiff timely filed objections to Judge Stewart's Findings and Recommendation (Dkt. 107), to which two Defendants, City of Portland and City of Vancouver, responded. Dkts. 109 & 110.[1] Plaintiff's primary objection is that he has "valid claims for the injustices [that] have been visited upon [him]." Dkt. 107 at 9.

---

[1] Plaintiff has proceeded *pro se*. Documents filed by *pro se* litigants are "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Judge Stewart thus construed Plaintiff's

Judge Stewart sets out the facts of this case in detail in the Findings and Recommendation. Briefly, the case involves the police response to the Occupy movement in downtown Portland on November 13, 2011. That day Plaintiff, then eighty-one years old, walked into a public park to observe the Occupy protestors. He alleges that as police and protestors began suddenly to clash, two officers grabbed him. The officers escorted Plaintiff to an open area and then threw him onto the ground where protestors had emptied their camp toilets. With Plaintiff's face planted in human waste, the officers bound his wrists behind his back with cords and arrested him. In response to these events, Plaintiff filed claims against 15 public entities. He asserts constitutional violations under 42 USC § 1983 and a state law claim for battery.

The Court has reviewed *de novo* those portions of Judge Stewart's findings and recommendation to which Plaintiff has objected, as well as Plaintiff's objections and Defendants' responses.  Except as noted herein, the Court agrees with Judge Stewart's reasoning regarding insufficient service of process, Plaintiff's failure to state a claim upon which relief can be granted, Eleventh Amendment immunity for the State of Oregon, City of Salem's lack of involvement in the case, and the unavailability of attorney's fees for Clackamas County.[2] Judge Stewart correctly emphasizes that Plaintiff's "Complaint states sufficient facts to support a claim of excessive force against the officers who arrested him" and "a claim that the officers who arrested [him] did so without a warrant and without probable cause in violation of his Fourth Amendment rights." Dkt. 103 at 18. To assert such Fourth Amendment claims, however,

---

Amended Sur-Response to Motion to Dismiss for Failure to State a Claim, filed July 20, 2015, as objections to the Findings and Recommendation.

[2] The Court does not adopt the discussion in the Findings and Recommendation relating to whether Plaintiff's claims could be "remanded" to state court. This case was originally filed in federal court and was not removed from state court, thus a "remand" to state court is unavailable.

Plaintiff must name the individual officers (or, for those officers whom Plaintiff cannot identify through police reports, name them as John or Jane Doe 1, John or Jane Doe 2, etc.) who engaged in the allegedly unlawful use of force and unlawful arrest. Because the Court grants most of the motions to dismiss without prejudice, Plaintiff may file an amended complaint against the individual officers.

The Court also cannot conclude that it is absolutely clear that Plaintiff cannot amend his complaint to assert claims against the City of Portland and possibly the other municipal entities.[3] Thus, Plaintiff has leave to amend his complaint to assert claims against those municipal entities. As noted by Judge Stewart, however, municipal liability is appropriate only where a plaintiff is injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a "final policymaker." *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014). To assert claims against the City of Portland and other municipalities, therefore, Plaintiff must allege facts that plausibly suggest the officers who allegedly violated Plaintiff's constitutional rights were employees of the municipality and acted pursuant to an adopted official policy of the municipality, a long-standing practice or custom of the municipality, or the decision of a final policymaker of the municipality.

## CONCLUSION

The Court ADOPTS Judge Stewart's Findings and Recommendation (Dkt. 103), as modified herein. Defendants City of Beaverton *et al*, City of Portland, City of Vancouver, Clackamas County, Multnomah County, and Washington County's Motions to Dismiss

---

[3] The Court grants Defendant State of Oregon SAS's motion to dismiss with prejudice. The Court also grants Defendant City of Salem's motion for summary judgment, which is an adjudication on the merits and resolves Plaintiff's claims against the City of Salem. Thus, Plaintiff may not bring claims against Defendant State of Oregon SAS or the City of Salem in any amended complaint.

(Dkts. 33, 37, 43, 44, 58, & 60) are GRANTED without prejudice to allow Plaintiff to file an amended complaint. Defendant State of Oregon DAS's Motion to Dismiss (Dkt. 59) is GRANTED with prejudice. Defendant City of Salem's Motion for Summary Judgment (Dkt. 69) is GRANTED. The request by Clackamas County for an award of attorney fees is DENIED. Plaintiff has until September 25, 2015 to file an amended complaint. Plaintiff has until October 16, 2015 to effect service of the summons and amended complaint on all defendants named in Plaintiff's amended complaint.

**IT IS SO ORDERED**.

DATED this 1st day of September, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge