**Julie M. Engbloom**, OSB No. 066988
engbloomj@lanepowell.com
**Hans N. Huggler**, OSB No. 144993
hugglerh@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2183
Facsimile: 503.778.2200

Attorneys for Jack Peter Mongeon

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JACK PETER MONGEON,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**CITY OF PORTLAND, OREGON, et al.,**<br><br>　　　　　　　　　　Defendants. | Case No. 3:13-cv-02013-YY<br><br>Plaintiff's<br>MOTION FOR ENTRY OF<br>JUDGMENT OF DISMISSAL<br><br>(ORAL ARGUMENT REQUESTED) |

## LR 7-1 CERTIFICATE OF COMPLIANCE

Pursuant to LR 7-1, counsel for plaintiff Jack Peter Mongeon hereby certifies that he has conferred with counsel for all defendants of record (except for the State of Oregon DAS, which has been dismissed with prejudice, and the City of Salem, which has been granted summary judgment in its favor). The Cities of Beaverton, Gresham, Hillsboro, Oregon City, Lake Oswego, Tigard, Tualatin, Milwaukie, and Vancouver, and the Counties of Multnomah and Washington, do not oppose the motion. The City of Portland and Clackamas County oppose the motion.

PAGE 1 -   PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL

**MOTION**

Plaintiff Jack Peter Mongeon respectfully moves the Court to direct the Clerk of Court to enter a judgment of dismissal in this action pursuant to Fed. R. Civ. P. 41(a)(2). Specifically, Mr. Mongeon seeks an entry of judgment of dismissal of his claims against all defendants without prejudice, excepting the State of Oregon DAS and City of Salem, as set out in the Court's September 1, 2015 order. (ECF No. 111.)

**ARGUMENT**

Jack Mongeon was, until eight weeks ago, a *pro se* plaintiff. Since filing his complaint on November 12, 2013, Mr. Mongeon has perhaps typified the *pro se* plaintiff—unschooled in the procedural and legal considerations that bind licensed attorneys and suspicious of the Court and opposing counsel. Acknowledging Mr. Mongeon's *pro se* status, the Court has granted Mr. Mongeon numerous extensions of time, leave to file an amended complaint, and the appointment of *pro bono* counsel to advise and assist Mr. Mongeon.

However troublesome Mr. Mongeon was as a *pro se* litigant, he is also a plaintiff who set out a compelling narrative of tortious treatment by the police officers who unjustifiably arrested him during the November 13, 2011 Occupy Portland protests. An 81-year-old man recovering from pneumonia, Mr. Mongeon became entrapped between police and protesters shortly after entering Chapman Square, and left his encounter with police bleeding from abrasions on his head, elbows and knees, injured shoulders, hours in custody, and, finally, facing criminal charges. As directed by the Court, counsel have assisted Mr. Mongeon in understanding the legal and procedural aspects of his case. In light of that understanding, Mr. Mongeon now asks this Court to dismiss his case as he is unable to achieve a remedy in this forum. However, Mr. Mongeon asks that the Court dismiss the defendants in this case as it set out in its September 1, 2015 order— dismissing all defendants without prejudice except for the State of Oregon DAS and City of Salem.

Mr. Mongeon's original complaint narrated tortious actions by police officers taken in the scope of their employment on November 13, 2011. It appears, from available evidence, that all of

PAGE 2 -   PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
711231.0001/6705241.1         PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

the officers who interacted with Mr. Mongeon on that day were employed by the City of Portland. Mr. Mongeon provided timely tort claims notice to all defendants, including the City of Portland, in 2012. Mr. Mongeon filed his claim in this Court on November 12, 2013, within the statute of limitations for tort claims in Oregon. *See* ORS 12.110. As a result, at the time Mr. Mongeon filed his complaint in this Court, he was properly positioned to bring Oregon Tort Claims Act ("OTCA") claims against defendants for their employees' tortious acts. Indeed, the Court recognized that Mr. Mongeon specifically brought a battery claim against the City of Portland in his original complaint. (ECF No. 111.) Because he sought relief in "a court" within the applicable statute of limitations and with proper notice, Oregon law has tolled the statute of limitations as to Mr. Mongeon's OTCA claims. After dismissal of his claims in this court, Mr. Mongeon will have 180 days from entry of dismissal to seek relief in state court, if he so chooses. *See* ORS 12.220. However, for that tolling to be effective, this Court must dismiss Mr. Mongeon's claims without prejudice. *Id.*

The decision to grant a voluntary dismissal is an exercise of a court's discretion. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994). In exercising its discretion, a court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). And as held in *Hamilton*, "[p]lain legal prejudice * * * does not result simply when defendant faces the prospect of a second lawsuit * * *." *Id.* (citing *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967).

This Court has *already* determined that Mr. Mongeon's claims should be dismissed without prejudice. (*See* ECF No. 111.) The City of Portland and other defendants will not be plainly legally prejudiced by an entry of judgment consistent with the Court's prior order. First, defendants have been on notice as to Mr. Mongeon's claims since his original filing and the facts of this case are not complex and are documented in police reports and video. Therefore, the delay in dismissal between the Court's September 1, 2015 order and the present has not added significant

PAGE 3 -   PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
711231.0001/6705241.1                PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

prejudice to change the Court's original assessment that dismissal without prejudice was warranted. Second, dismissal of this action is *advantageous* to defendants in that it will unequivocally time bar any claims Mr. Mongeon may have against individual officers under federal civil rights law. And third, defendants cannot as a matter of law claim that the prospect of a suit in state court results in plain legal prejudice. *Hamilton*, 679 F.2d at 145.

Defendants in this case are frustrated with the procedural flexibility Mr. Mongeon has been granted throughout this action. But apart from debating the merits of the extensions Mr. Mongeon has been granted, those extensions *were* granted. This Court should not foreclose Mr. Mongeon's ability to bring claims in an alternative, proper forum when it has held the door open for him to file an amended complaint in this forum up until now. The City of Portland's arguments for involuntary dismissal with prejudice, as set out in their recent opposition brief, do not apply here where a plaintiff seeks *voluntary* dismissal pursuant to Fed. R. Civ. P. 41(a)(2). The "plain legal prejudice" standard applies here, and defendants are plainly *not* legally prejudiced by entering a judgment of dismissal without prejudice in this matter.

## CONCLUSION

Dismissal without prejudice is the appropriate procedural result in this case and consistent with the Court's prior order. Mr. Mongeon therefore respectfully requests that the Court order entry of such a judgment as to all defendants except those dismissed on the merits in its prior order. (ECF No. 111).

DATED: June 27, 2016

LANE POWELL PC

By  s/ Hans N. Huggler
   Julie M. Engbloom, OSB No. 066988
   Hans N. Huggler, OSB No. 144993
   Telephone: 503.778.2100
   Attorneys for Plaintiff Jack Peter Mongeon

PAGE 4 -   PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL