UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JACK PETER MONGEON,

        Plaintiff,

   v.

CITY OF PORTLAND, CITY OF
BEAVERTON, CITY OF HILLSBORO, CITY
OF GRESHAM, CITY OF OREGON CITY,
CITY OF LAKE OSWEGO, CITY OF
TIGARD, CITY OF TUALATIN, CITY OF
MILWAUKIE, MULTNOMAH COUNTY,
WASHINGTON COUNTY, CLACKAMAS
COUNTY, CITY OF VANCOUVER,

        Defendants.

Case No. 3:13-cv-2013-YY

FINDINGS AND
RECOMMENDATIONS

YOU, Magistrate Judge:

## INTRODUCTION

Plaintiff Jack Peter Mongeon, through *pro bono* counsel, has filed a Motion for Entry of Judgment of Dismissal pursuant to FRCP 41(a)(2) (docket #167). Plaintiff voluntarily moves for dismissal of his claims without prejudice against all defendants, except the State of Oregon DAS

1 – FINDINGS AND RECOMMENDATIONS

and City of Salem,[1] so that he can refile his law suit in state court. After filing this motion to dismiss, plaintiff passed away on July 25, 2016.

## **FINDINGS**

Rule 41(a)(2) provides that:

> Except as provided in paragraph (1) of this subdivision of this rule, an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Whether to allow a voluntary dismissal under Rule 41(a)(2) rests in the court's sound discretion. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). In ruling on a motion for voluntary dismissal, the court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Id.* "Legal prejudice" means "prejudice to some legal interest, some legal claim, [or] some legal argument." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). Examples of legal prejudice include loss of a federal forum, the right to a jury trial, or a statute-of-limitations defense. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Plain legal prejudice "does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976. "Uncertainty because a dispute remains unresolved" or "the threat of future litigation which causes uncertainty" is not legal prejudice. *Westlands*, 100 F.3d at 96-97.

---

[1] On September 1, 2015, the court dismissed plaintiff's claims against the State of Oregon DAS with prejudice and granted the City of Salem's motion for summary judgment (docket #111).

Here, plaintiff seeks to voluntarily dismiss his case so that he may refile in a different forum – state court. The mere inconvenience or uncertainty that defendants may suffer as a result does not constitute plain legal prejudice. *Id.* Therefore, the motion to dismiss should be granted.

Only the City of Portland has filed an opposition to plaintiff's motion. Instead of dismissing this case without prejudice, as plaintiff has requested, the City of Portland urges the court to dismiss it *with prejudice* for plaintiff's failure to prosecute. The City of Portland complains that plaintiff has received numerous extensions of time and that he has failed to comply with the court's most recent order directing him to file an amended complaint by June 27, 2016 (docket #166).

Under FRCP 41(b), a defendant may move to dismiss an action or claim "[i]f the plaintiff fails to prosecute or to comply with [the FRCP] or a court order." Here, the City of Portland has filed no such motion under FRCP 41(b). Moreover, although plaintiff has indeed received numerous extensions of time, the continuances were warranted due to his diagnosis of inoperable liver cancer, chemotherapy treatments, and hospitalizations. Additionally, there is nothing improper about plaintiff's decision to file his motion to dismiss on June 27, 2016, the date on which his amended complaint was due. Plaintiff's motion to voluntarily dismiss is permitted under FRCP 41(a)(2) and, as discussed above, defendants will suffer no plain legal prejudice if the motion is granted.

The City of Portland also argues that allowing plaintiff to voluntarily dismiss this case will be a futile exercise because, under ORS 12.220, plaintiff will be precluded from refiling his action in state court due to the statute of limitations. The City of Portland further asserts that

3 – FINDINGS AND RECOMMENDATIONS

"[t]his Court has no authority to * * * order the Oregon Circuit Court to permit Plaintiff to re-file under ORS 12.220." City of Portland's Response, 5.

Plaintiff is not asking this court to order the Oregon Circuit Court to permit his refiling. Plaintiff is merely asking this court to allow him to voluntarily dismiss this case so that he may refile in state court. Moreover, whether ORS 12.220 precludes plaintiff from refiling in state court is a matter for the state court to decide. The state court's decision, at this point, is mere speculation. The only matter before this court is plaintiff's motion to voluntarily dismiss his claims pursuant to FRCP 41(a)(2). As discussed above, the decision whether to grant such a motion is within the court's discretion. Here, the City of Portland has failed to establish that dismissal will result in plain legal prejudice. Accordingly, plaintiff's motion should be granted.

## RECOMMENDATIONS

Plaintiff's motion to voluntarily dismiss (docket #167) should be granted. The Complaint (docket #1) should be dismissed without prejudice.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Monday, September 05, 2016. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

///

///

///

4 – FINDINGS AND RECOMMENDATIONS

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED August 17, 2016.

s/Youlee Yim You<br>
Youlee Yim You<br>
United States Magistrate Judge